IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

COPART, INC.,

       Plaintiff,

  v.

SPARTA CONSULTING, INC.,

       Defendant.

CIVIL ACTION NO. 3:14-CV-00013

## NOTICE OF REMOVAL BY SPARTA CONSULTING, INC.

Pursuant to 28 U.S.C. §§ 1441 and 1446, and in accordance with 28 U.S.C. § 1332,

Defendant Sparta Consulting, Inc. ("Defendant") files this Notice of Removal and states as

follows:

## INTRODUCTION

1.      On or about November 1, 2013, Copart, Inc. ("Plaintiff") commenced an action

against Defendant in the 44th Judicial District Court of Dallas County, Texas, bearing Cause No.

DC-13-13154 , by filing an Original Petition (the "Petition").  The Petition alleges claims against

Defendant for fraud, fraudulent inducement, promissory fraud, negligent misrepresentation,

unfair business practices under California law, and breach of contract.  The Petition also seeks

declaratory relief and attorney's fees.

2.      Dallas County is within the Dallas Division of the Northern District of Texas.

3.      Plaintiff and Defendant agreed that Defendant would accept service effective

December 4, 2013.  Plaintiff did not serve Defendant with process prior to that date.  This Notice

of Removal is therefore filed within 30 days after receipt by Defendant of a copy of the Petition

in combination with service of the summons, in compliance with 28 U.S.C. § 1446(b).  *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 356 (1999).

4.      Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1 of this Court, Defendant has attached hereto as **Exhibit A** an index of all documents filed in state court.  Attached hereto as **Exhibit B** is a copy of the docket sheet in the state court action; attached hereto as **Exhibit C** is a copy of all documents filed in state court. Defendant is also filing a signed certificate of interested persons that complies with Local Rule 3.1(c) contemporaneously with this Notice of Removal.

## BASIS FOR REMOVAL

5.      Diversity jurisdiction exists in this matter pursuant to 28 U.S.C. § 1332(a), which provides for original jurisdiction in the District Court of all civil actions between citizens of different States where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.      On information and belief, and as alleged in Petition, Plaintiff is a corporation formed under the laws of the state of Delaware which maintains its principal place of business in Dallas County, Texas, and is thus a citizen of Delaware and/or Texas for diversity jurisdiction purposes.

7.      Defendant is incorporated in the State of California, maintains its principal place of business California, and is thus a citizen of California for diversity jurisdiction purposes.

8.      Since Plaintiff is a citizen of Delaware and/or Texas, and Defendant is a citizen of California, there is complete diversity among all properly considered parties.

9.      Plaintiff alleges that it paid $5,440,000 to Defendant under a "Realization SOW." Compl. Para. 17.  Plaintiff seeks disgorgement of all amounts paid under the Realization SOW.

Compl. Para. 59(b). The Petition further requests compensatory and exemplary damages and attorneys' fees.  Accordingly, the amount in controversy is at least $5,440,000, and is substantially greater than $75,000.

10.     This Court therefore has original jurisdiction over this action because it is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  *See* 28 U.S.C. § 1332(a).

11.     Accordingly, this action is removable because it is a civil action brought in a State court over which this Court has original jurisdiction under 28 U.S.C. § 1332, and removal is not sought by any party that is a citizen of the State in which the action was brought.  *See* 28 U.S.C. § 1441(a), (b).

12.     Pursuant to 28 U.S.C. § 1446(d), prompt notice of filing for removal and a copy of this Notice of Removal will be filed with the 44th Judicial District Court of Dallas County, Texas and served upon all parties to this matter.

13.     Defendant reserves the right to raise any objections or arguments with respect to the proper venue of this action.

14.     Defendant is represented by the undersigned who certify, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that the foregoing is true and correct.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court assume full jurisdiction of this action as if it had been originally filed here, and for such other and further relief to which it may show itself justly entitled.

DATE: January 2, 2014

Respectfully submitted,


/s/ William B. Dawson

William B. Dawson, SBN 05606300
Ashley E. Johnson, SBN 24067689
Michael Lyons, SBN 24071169

GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX  75201-6912
Telephone:  214.698.3100
Facsimile:  214.571.2900


OF COUNSEL:                    Paul T. Llewellyn, California Bar No. 216887
LEWIS & LLEWELLYN LLP
505 Montgomery Street, Suite 1300
San Francisco, CA  94111
Telephone: 415.800.0592
Facsimile: 415.390.2127

Frederick Brown, California Bar No. 65316
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

ATTORNEYS FOR DEFENDANT SPARTA
CONSULTING, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal will be

served by electronic mail and certified mail, return receipt requested on the 2nd day of January,

2014, as follows:

> Ophelia Camina
> Daniel H. Charest
> Warren T. Burns
> Omar Ochoa
> SUSMAN GODFREY LLP
> 901 Main Street, Suite 5100
> Dallas, Texas 75202

ATTORNEYS FOR PLAINTIFF COPART, INC.

/s/ William B. Dawson
WILLIAM B. DAWSON